This will be in case number 24-1281, Campbell v. IBM Personal Invention Plan. Please stand by. For a plaintiff to have actual knowledge of something, he must in fact be aware of it. Section 1113-2 is only triggered if a plaintiff has actual knowledge, i.e., is in fact aware of defendant's fiduciary breach or defendant's violation of its fiduciary responsibilities. This is an incredibly high bar that must be viewed through a subjective lens. The District Court below failed to recognize or properly apply this rigorous standard. It made no factual findings as to when any particular plaintiff gained actual knowledge of the fiduciary breaches or violations alleged here. Instead, it identified only evidence of disclosure. And as the Supreme Court made clear in Sulema, evidence of disclosure alone is not enough. Well, didn't they get actual knowledge when they received the pension projection statement prior to, just prior to their election and their retirement? Why wasn't that actual knowledge? Respectfully, they did not receive actual knowledge at that time for a couple of reasons. First, you know, there's nothing in the record to indicate that they actually received the documents. But even if they received them, the actual knowledge standard requires that they read the document, that they specifically read the calculation notes section of the document, that they understood those calculation notes, and that they understood the effect that the use of the UP 1984 mortality table- Just by way of example, Exhibit 1, Campbell, A732 through A773. Yeah. It seems to me that it lists the tables, the mortality tables that their life expectancy tables that they were relying on. It lists the age, the amounts, and the elections. And this is the document, presumably, that your clients relied on when they received it to make that election. So I'm still struggling why that wouldn't be enough to put them on notice because this is what they needed to make that determination, whether they were going to elect for spousal benefits or not. Why is that not enough? Absolutely, Your Honor. I will point to one thing. I'd encourage the court to read closely Solema because it says, you know, no matter how close a fact is at hand, unless the individual actually understands the fact and the effect it's going to have, they do not have actual knowledge. So let's assume, then, that that was not enough. What about when they get their first check and they know what the amount is? Is that actual notice? It's not because what the plaintiff would have had to have knowledge of here is that the use of that mortality table in combination with the interest rate is going to give them fewer benefits than they were entitled to under the law. So now I sound like a little bit like, you know, deja vu or I'm repeating myself. When did your clients then have that aha moment? They keep getting these, you know, pension payments and they're not aware. They received the pension projection statement, which contained those tables that they claimed were wrong or outdated. When? That's not in the record. It could be gathered in discovery. But I'd say a few other things. First is that the pension projection statements, while it says them in the calculation, you know, it's really buried in those pension projection statements, they don't actually tell the individuals this is how your joint and survivor annuities are going to be calculated. Right? It says this is how we've made a relative value calculation. I'd say most plan participants have no idea what that is and don't quite understand it. But I also want to call the court's attention to the overall structure of 1113. You know, Congress made a very deliberate choice in crafting the statute. It has a six-year statute to propose. And then Congress decided that would be cut in half in the case where a plaintiff has actual knowledge. And, you know, in the case in Sulema, the court basically scoured the federal code. This is the only place this actual knowledge standard appears anywhere. And it all but requires knowledge of the law. It's basically the highest level of knowledge that a plaintiff would be required in order to trigger their claim. And that reflects the imbalance of information and sophistication of the parties at issue here. A fiduciary has an unyielding duty to a participant to provide them to comply with ERISA, to, you know, act in their best interest. Whereas plan participants, for the most part, do not have any sophisticated knowledge of actuarial science, mathematics, and often, you know, frankly, don't read all of these disclosures that are given to them. And because of those facts, Congress designed this statute in a way to only trigger this higher, this shorter statute of limitations when actual knowledge is present. But I'm having difficulty understanding how that would work as a practical matter. I mean, it's true in Sulema they focused on, the Supreme Court focused on actual knowledge. But it also said that you can use the standard methods of looking at the circumstances to infer actual knowledge. You're pressing for something more, for understanding, as if the, you know, plan has to hire accountants and personal advisors to work through what the meaning of using X mortality table versus Y mortality table, what all of this is, and to explain, depending upon the varying levels of sophistication of the plan participant. And I'm not understanding that the Supreme Court was requiring that level of interference, really, with the plan participant's understanding of the plan. So can you tell me where you would draw the line and how you would determine what actual knowledge is in a practical way? Yes, Your Honor. I would direct the court to the actual language of the statute and to footnote two in the Sulema case where the Supreme Court specifically declined to take up the question of whether this actual knowledge standard in 1113 requires knowledge of the law. That is a possibility that they have not answered yet. You know, Congress wrote this. Congress wrote the plaintiff had actual knowledge of the breach or violation. Yeah, but I still draw your attention. I have footnote two here. But nothing in this opinion forecloses any of the usual ways to prove actual knowledge at any stage. You can infer it. Plaintiffs recall reading particular disclosures will be bound to say so, and knowledge can be proved inference from circumstantial evidence. And it doesn't foreclose willful blindness. So it seems to me that that falls something short of needing to prove subjective, deep understanding of the significance of using one mortality table versus another. Isn't that right? I would say two things. I would say in this case in particular, we don't even have evidence that these particular plaintiffs read the pension protection statements, read the calculation notes, understood what mortality tables were being used. But second, you know, this statute applies all across ERISA. There are many instances in which it would be incredibly appropriate to use, you know, to draw inferences about what someone actually knew. So, for instance, this statute also applies if you have a co-fiduciary breach. So if you have two fiduciaries and one of them breaches a duty to plan participants, the other fiduciary is there and understands and knows that a breach has occurred and does nothing, you know, I think it's fair to infer that there's actual knowledge in a situation like that. But in the case you cite in Soma, the court said that obviously receipt disclosure could be relevant, particularly if there is evidence suggesting that the plaintiff took action in response to that disclosure, which I think is what I started to ask you. When they receive that notice that lays out what the projected payments would be, pension payments, and advises them do you want to elect 50 percent, 25, 100 percent spousal benefits, and then they take action on that, can't we draw an inference based on the Supreme Court's direction that these traditional ways of showing actual knowledge existed here because they took action? I don't think you can in this circumstance for two reasons. First, at a motion to dismiss stage, you know, the court was required to draw all inferences in plaintiff's favor, not in defendant's favor. And second, I think when a plaintiff takes action in response, that action must show somehow that they have gained the actual knowledge of the breacher violation. These individual plaintiffs, they're going to retire. They're going to select benefits. They want to support their spouse in the case that they die. Simply the fact that they've chosen a benefit does not indicate in any way that they understood that they were going to be receiving fewer benefits than required by law. In fact, if anything- Does actual knowledge need to be, I guess this gets back to Judge Carney's question, does actual knowledge need to be that you understand it or that you receive knowledge that this is what we're relying on to come up with these figures and now you've made an election? You know, that's what circumstantial evidence is, right? In criminal cases, circumstantial evidence is evidence that leads a trier of fact to infer a certain element of knowledge based on the circumstances. So, you know, you can't get into someone's mind to know what they understood at the particular moment, but you can infer that from circumstantial evidence. And it seems like you're asking us for a standard that is requiring something that ultimately can't be proven, except by the person who elects to say when their actual knowledge occurred. Sure, I'll say a few things. First is that the knowledge that's required, and this is from Caputo, is that, you know, from this court, is knowledge of the harmful consequences of the breach or violation. And so if plaintiffs have absolutely no inkling even that they are going to be receiving fewer benefits than required by law, they can't have actual knowledge. And again, I would say that the court's questions are based on an assumption that these plaintiffs here read their pension projection statements, received them, read those calculation notes, read the mortality table that's in them, and then also had an understanding that the use of that mortality table was going to harm them. I think I understand your response to my question. Thank you, counsel. You're reserved 15 minutes for rebuttal. Thank you, Judge Park, and may it please the court. If I could address the same question you asked, you both asked to counsel, where is subjective understanding coming from? It's not coming from any case the plaintiff cited. There's not a single case citation for the subjective understanding. And, Sulema, I direct you to page 187 in that opinion where the Supreme Court says that for plaintiffs to have actual knowledge, and now I'm quoting, they must be, and now I'm quoting, aware of that information. It's an awareness standard. It's not a subjective understanding standard under the Supreme Court's precedent. Now, how do we know they were aware? We're actually asking for a very narrow holding here because plaintiffs have pled themselves into this problem. They've pled reliance on the projection statement. How do we know it's the projection statement? Plaintiff keeps, counsel keeps saying, how do we know that it was read? This was conceded in the district court. We cite the concession in our briefs, but it's district court docket number 49 at 7 and 23. And this concession came about because we were challenging the complaint as too indefinite and that we couldn't understand from the reliance allegation what the plaintiffs were relying on. And to get around the Rule 9b challenge, plaintiffs conceded that the reliance allegation was about the projection statements. And to take a look at the reliance allegation, plaintiffs. And that's the basis you're arguing that we, that this was properly considered by the district court even though it's extraneous to the complaint? Because normally we don't consider documents outside the complaint for the truth of the matters that they state. Correct, because plaintiffs conceded that the allegation, it's allegation 96, was a direct reference to the projection statement. That's not in the complaint, though, right? It's conceded, and the district court relied on this concession. It's not in the complaint, though. It's not in the complaint, but it's conceded. Don't we have to decide on a motion to dismiss what's apparent on the face of the pleadings? Well, in this case, because plaintiffs have conceded that this allegation, again, they had to make this concession to get around the Rule 9b problem. They made general references in the complaint, is what I'm understanding, to documents that were received and that stated benefits. They didn't name the projection statement, and they didn't name the planned document. But they acknowledged that by those general references, they were, in fact, referring to the projection statement in the planned document. Is that what you're saying? One correction. They actually did name the plan in the complaint. The plan is named. It's specifically incorporated. Even so, does that mean that I don't understand that to mean that the documents, that everything stated in the documents is true or that the dates are accurate based on that concession. That's not normally how we decide motions to dismiss. Well, the concession is the allegation, and the allegation says that you relied on the sufficiency of the projection statement. Sufficiency is a notion of completeness, and for you to have a . . . But then you're relying on the date of the document, which is a different part of the document that you're asking us to say, to assume the truth of based on the concession. On the date of the document for limitations purposes, correct. But they've also . . . I guess my problem here is isn't the proper course for the district court to have converted this into a summary judgment motion and to have taken some discovery about what documents we're talking about, whether the dates are accurate, and what was received when. I don't think so because the incorporation standard isn't directly . . . Is it necessary to the complaint? Is it referenced within the complaint? Plaintiffs conceded that the projection statement is referenced in the complaint through the allegation. It's a judicial admission. But that doesn't mean that everything in that document is true or that the district court can take that as true. They haven't. There's no . . . And the second point on this is the plaintiffs have also incorporated the benefit election. They've said that they did . . . And they've never contested the truth of their benefit election. That's also incorporated in the complaint, and that gives you the date. They're alleging that they relied on this projection statement in order to make the benefit election, and the benefit election gives you the date, and that's also incorporated. And there's no dispute. Plaintiffs aren't saying that the dates are wrong. They're not challenging the authenticity of these documents, and they're all directly necessary to the complaint. No, it's your burden to establish that, and you need these documents outside the pleadings to get there. That's what I understand to be happening. I think it's like a contract case. You can't avoid a breach issue by just not attaching the contract. It's the same, too, here. You can't avoid the fact that you made a benefit election on a certain date by not attaching the benefit form. But the fact that you're alleging . . . The date is the whole issue, and that's a question of fact, that you're asking us to assume as true based on a document that's incorporated by reference based on a concession from the plaintiff. That's where we are, right? That's where we are, and I think that's enough for incorporation. It's enough in the contract context. If you have a contract and there's some question about whether or not there was a breach, you can look to the provisions of the contract to determine whether there was or was not a breach. The same, too, here. You have the concession that they made a benefit election, and they made the benefit election in reliance on this document, and you can deduce from the benefit election form what the date was. Again, plaintiffs have never contested that they made the benefit election on this date. There's no argument below that that date was wrong. The argument has been, well, we didn't actually incorporate it. We haven't named it. In the first case, I think this goes back to the point of you shouldn't be allowed to evade a statute of limitations by not attaching to the complaint the very documents on which every allegation in this complaint relies. This is just evasion at this point. There's no further discovery to be had when we know the plaintiffs had this projection statement. We know they relied upon it. We know the projection statement disclosed the mortality tables. We know because plaintiffs have alleged it that they relied on that to make their benefit election. It's true. It should be a relatively simple summary judgment motion, I think. Again, I don't think you need that for the motion to dismiss because of this incorporation. It's clearly incorporated on the face of this complaint. I think you open up a possibility for significant evasion by plaintiffs in what should be easy statute of limitations cases. Keep in mind that part of the reason why Congress created this statute of limitations provision was because plans need finality. Players don't have to offer plans, and so Congress put in these provisions so that you don't have lengthy litigation, you don't have expensive discovery because there are other beneficiaries who have claims to these ERISA plans. So there's policy reasons why you wouldn't want to invite plaintiffs into a game of evasion by not citing the documents that are absolutely necessary for their complaint. And the projection statement plaintiffs concede is necessary to their complaint. It's incorporated within, it's part of the allegations. The benefit election is necessary to the complaint because plaintiffs plead that they made a benefit election, and they made a benefit election with Palmer Alliance. And there's no reason you cannot look to those documents, and there's no contest that the dates on those documents are correct. I think you'd just be making work for the district court to send it back for summary judgment and forcing the plan to have a lot of expenses related to this litigation that aren't necessary and that Congress was intending to avoid with the limitations provision. Thank you, counsel. We'll hear rebuttal.  I want to respond to the opposing counsel that there's no more discovery to be had in this case. I think there absolutely is, and it could easily clear up many of the questions that the court has. And I think it would easily establish that the plaintiffs here did not have actual knowledge. Defendants could easily take a quick deposition of the three plaintiffs in the case and find out whether they received these documents, read them, understood them, et cetera. Isn't it clear that they did receive them because they then made an election? I don't think that that's fair. We do allege that they made an election. And in a general sense, we allege that they relied on documents and information received from defendants. But I don't think that it's fair in any sense to infer or conclude that defendants or plaintiffs read the rejection statements, read the calculation notes, and specifically relied on those, which is what is required here. Despite the fact they made an election? Correct. The benefit election form is an entirely separate form. It does not disclose the assumptions used to calculate their joint survivor annuities and in no way would have given them actual knowledge of the claims that we are alleging in this case. When they move for summary judgment, the defendants move for summary judgment after the filing of the second amended complaint that added the two additional named plaintiffs, correct? A motion to dismiss, Your Honor. After the amended complaint, I'm sorry, the June 2nd was the original complaint, the August complaint. They then filed in January, they moved to dismiss the amended complaint. And they added these documents as exhibits, correct? Did you at that point ask the district court to turn this into a summary judgment to have the opportunity to conduct discovery to respond to those documents? Or did you stipulate that those were accurate? We did not stipulate that they were accurate. We did not ask that the court turn it into a motion for summary judgment because that burden is not on plaintiffs. I understand that. Did you oppose those documents? We did. You did. Did you deny their accuracy or just oppose the court considering them? I want to be 100% accurate and I'm not 100% sure. I will say we did oppose their consideration because it's not appropriate for all of the reasons discussed previously to consider documents outside of the complaint on a motion to dismiss. But you did acknowledge that they were integral to the complaint ultimately in your opposition, right? I don't think that we did. Was the document 49, I think, referenced that your friend just made? Sure. You know, for all of the standard reasons, we don't think that they are integral to the complaint. You know, we didn't attach them, we didn't reference them by name, etc. But they are pivotal to your claim, aren't they? Because you're claiming that the statements made in them were inaccurate. The complaint makes references to the planned document and pension projection statements. This isn't like paragraph 97, 98, 99, right? Yes. We have identified that the pension projection statements contain misleading and inaccurate information. That's correct. However, we made objections to these documents as well for reasons previously discussed in that we disagree that all of the information on them is accurate, that they receive them on particular dates, that we don't know the way that they receive them. So in particular, the receipt by plaintiffs on particular dates is not established in the documents that are incorporated into the complaint. That's correct, Your Honor. But even if the court were to assume that they received these documents for all of the reasons in our briefing that I've discussed today, I still think that we win. This case does not have to turn on whether the plaintiffs received those documents or not. We think that the documents themselves do not disclose the claims on their face, and the court cannot infer actual knowledge or constructive knowledge at this stage. If we were to remand, would the court be correct in conducting summary judgment proceedings, having discovery and receiving factual material related to the statute of limitations alone? That is a procedure that the district court could adopt, saying we're going to have a very limited period of discovery so we can figure out which documents were received and when. Yes, I think that would absolutely be appropriate. Thank you. Thank you, counsel. Thank you both. We'll take the case under question.